IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10456
_____

ST. PAUL REINSURANCE COMPANY, LTD.,

Plaintiff-Appellant,

versus

TOM PARKER, doing business as Alamo
Cleaning Services; JOE MINOR, doing
business as Alamo Cleaning Services,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Northern District of Texas, Lubbock

(D.C. No. 5:98-CV-41-C)
_____
March 29, 2000

Before KING, Chief Judge, REAVLEY and STEWART, Circuit Judges.

PER CURIAM:[*]

St. Paul Reinsurance Company, Ltd. ("St. Paul") appeals the judgment in favor of

Tom Parker and Joe Minor, D/B/A Alamo Cleaning Services ("Alamo") granting a

declaration of insurance coverage. Because the evidence supports the jury finding that

the fire was the result of an accident, we affirm.

We construe the evidence in the light most favorable to the verdict. It is

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

undisputed that Alamo's employee, Antonio Schmidt, was joined by three unauthorized companions in the Pay and Save supermarket during the night while Schmidt was supposed to be cleaning the store. The jury found that Schmidt set a bag of chips on fire. The evidence shows that Abraham Martinez inspected the bag, determined that it did not appear to be on fire, and replaced it on the rack. After Martinez inspected the bag, the boys departed for the back of the store. See St. Paul's Deposition Summary of Abraham Martinez, page 2. Several minutes later the chip aisle caught fire, and the boys were unable to extinguish it.

The jury instruction correctly defined the term "accident" as "conduct which results in bodily injury or property damage which does not ordinarily follow or which could not be reasonably anticipated from the conduct." See Mid-Century Ins. Co. of Texas v. Lindsey, 997 S.W.2d 153, 155 (Tex. 1999). St. Paul argues that the only "conduct" to be considered is the act of lighting the bag of chips and that a larger fire can be reasonably anticipated from such conduct as a matter of law. If this were the only conduct under consideration, the question before the court would be more difficult to resolve; however, St. Paul places too narrow a restriction on the conduct to be considered for the determination of whether the fire was an accident. Schmidt lit the bag, Martinez inspected it and replaced it on the shelf after determining that it did not appear to be on fire, at which point Schmidt and Martinez left the chip aisle.

The issue before the court is whether this course of conduct creates a jury question with regard to whether or not the destruction of the store by fire ordinarily follows or could be reasonably anticipated from the course of conduct. We cannot say, as a matter of law, that the destruction of the store by fire ordinarily follows from leaving behind an item that, upon inspection, does not appear to be on fire.

2

AFFIRMED